Richard BURGESS, Plaintiff,

v.

The NEW YORK STOCK EXCHANGE, Defendant.

No. 00 Civ. 9486(VM).

United States District Court, S.D. New York.

Jan. 09, 2002.

Richard Burgess, pro se.

### DECISION AND AMENDED ORDER

MARRERO, District Judge.

Plaintiff pro se, Richard Burgess (hereinafter "Burgess"), commenced the present action against his former employer, The New York Stock Exchange (hereinafter the "Exchange"), alleging misconduct on the part of the Exchange in violation of Title VII of the Civil Rights Act of 1964,[1] the Age Discrimination in Employment Act of 1967,[2] and the Americans with Dis-

---

1. 42 U.S.C. § 2000e (hereinafter "§ 2000e").

2. 29 U.S.C. §§ 621–634 (hereinafter "ADEA").

abilities Act of 1990.[3] This matter comes before the Court on the Exchange's motion to dismiss in lieu of an answer. On December 19, 2001, the Court issued an Order granting the Exchange's motion and dismissing the complaint in its entirety. This Decision and Amended order is intended to expand upon the Court's earlier ruling and to set forth the Court's rationale.

## FACTS AND PROCEDURAL HISTORY

Burgess filed the present action under § 2000e, the ADEA and the ADA on December 14, 2000. The Court sent Burgess an Initial Letter to the Pro Se Plaintiff on January 24, 2001, which expressly instructed him to serve the summons and complaint and to file proof of service. Having failed to do so in a timely manner, the Court issued a subsequent Order on April 23, 2001, directing Burgess to file proof of service by April 30, 2001, or to show cause why the complaint should not be dismissed. Although the record in this matter reflects that proof of service was not filed until May 11, 2001, the court accepted Burgess's filing.

On May 21, 2001, the Exchange moved to dismiss the complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for, *inter alia,* lack of subject matter jurisdiction. Alternatively, the Exchange moved for summary judgment on the retaliation claim under § 2000e pursuant to Rule 56 of the Federal Rules of Civil Procedure. As a threshold matter, the Exchange argues that this Court lacks jurisdiction over the present controversy because the only claim raised by Burgess in his administrative proceedings before the New York State Division of Human Rights (hereinafter "NYSDHR") was a claim of discrimination based on race, and consequently, that

Burgess has failed to exhaust his administrative remedies with respect to new claims of age discrimination, disability discrimination and retaliation asserted here. With respect to the Rule 56 portion of its motion, the Exchange's Notice of Motion properly included the Local Rule 56.2 Notice to Pro Se Litigant Opposing Motion for Summary Judgment, explicitly directing Burgess to respond to the arguments raised in the Exchange's motion.

Notwithstanding receipt of the motion and the Local Rule 56.2 notice, Burgess failed, in any meaningful way, to oppose or to respond to the Exchange's motion for several weeks. In June 2001, Burgess sent directly to Chambers a "Memorandum of Law in Support of Not Dismissing for Summary Judgment." Despite labeling his submission a "Memorandum," in actuality, Burgess simply assembled a collection of debatably relevant correspondences from an attorney not representing Burgess in the present action, documents relating to prior investigations by the Securities and Exchange Commission and documents relating to Supplemental Security Income awarded to Burgess. In July 2001, Burgess sent another correspondence purporting to be a statement as to why this Court should not dismiss the case. Again, Burgess failed to confront the threshold argument that his new claims were never substantively addressed in administrative proceedings and merely attached the same type of documents attached to his June submission.

In July 2001, it became apparent to the Court that none of Burgess's submissions were being filed with the Clerk of Court or being served upon the Exchange. For the benefit of a complete record, the Court docketed these submissions on Burgess's behalf. On July 27, 2001 the Court issued

---

**3.** 42 U.S.C. §§ 12112–12117 (hereinafter "ADA").

another Order, this time directing Burgess to serve an opposition to the Exchange's motion, together with any memoranda, and to file proof of service with the Court. Having no other recourse but to treat Burgess's haphazard collection of documents as a response to its motion, the Exchange filed its reply on August 17, 2001.

On October 10, 2001, Burgess purported to file an additional "Reply Memorandum in Support of Not Dismissing or, in the Alternative, for Summary Judgment." Once again, Burgess failed to address the threshold argument of exhaustion of his administrative remedies and merely reiterated Burgess's belief that his conduct did not breach the Exchange's ethics rules.

Although the Court has treated Burgess with the utmost leniency, affording him every reasonable opportunity to oppose the present motion, and although the Exchange has also provided Burgess with all of the notices required for pro se plaintiffs, the Exchange's motion is essentially unopposed. The parties and the Court are left to divine some substantive legal opposition to the Exchange's motion. Because no convincing arguments appear in Burgess's haphazard submissions, the Exchange's motion to dismiss pursuant to Rule 12(b)(1) is granted.

## DISCUSSION

■ The record, as reflected in the pleadings, evinces that Burgess filed an administrative proceeding before the NYSDHR on April 21, 1998. (*See* Defendant's Notice of Motion, dated May 21, 2001 (hereinafter "Notice of Motion"), Ex. L).[4] Although Burgess claims that he ulti-mately obtained a right to sue letter from the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), it is apparent that the only claim addressed in his administrative proceedings was an allegation of racial discrimination. In particular, Burgess asserts that "[t]he reasons given to me by Frank Ashen for suspending and terminating my employment were pretextual to permit the Respondent to unlawfully discriminate against me because I am Black, and I have been injured, thereby." (*Id.*).

This allegation of racial discrimination is the only substantive claim in Burgess's complaint in the NYSDHR proceedings. The pleadings fail to reflect any administrative consideration of any other claims. Therefore, it is clear that Burgess never exhausted his administrative remedies with respect to the newly alleged claims of age discrimination, disability discrimination and retaliation asserted here.

■ It is well-settled that this Court has jurisdiction only over claims of age discrimination, disability discrimination and retaliation that were properly brought in administrative proceedings, or such claims that may be "reasonably related" to a charge filed in administrative proceedings. *See Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir.1985) ("district courts may assume jurisdiction over a claim 'reasonably related' to a charge filed with the EEOC, including incidents occurring after the filing of the EEOC claim."). Burgess's NYSDHR complaint does not even mention age or disability discrimination, and it would be a stretch to say that such claims

---

4. Burgess's complaint before the NYSDHR, attached to the Exchange's Notice of Motion as Exhibit L, and the NYSDHR's Determination and Order, attached as Exhibit M, are matters of public record, integral to framing the underlying claim. Therefore, the Court considers these documents without converting the motion to one made pursuant to Rule 56. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998), *cert. denied*, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999).

**340**

are even remotely related to the underlying charge in his administrative proceedings.

Although Burgess attaches a letter from an attorney, who appears to have represented Burgess at some point, which mentions in passing that Burgess had a heart attack during his employment with the Exchange, this hardly indicates that disability discrimination was a subject of the administrative proceedings. The pleadings indicate no more than that Burgess brought a claim of racial discrimination in which the NYSDHR found that "there is NO PROBABLE CAUSE to believe that the said respondent has engaged in or is engaging in" the "unlawful discriminatory practice relating to Employment, because of Race/Color." (Notice of Motion, Ex. M) (emphasis in original). Because there is simply no basis on which to conclude that Burgess exhausted his administrative remedies with respect to the age and disability discrimination allegations, those claims are dismissed.

■ The same is true for Burgess's claim of retaliation. In his complaint in this Court, Burgess advances the proposition that he was terminated from his employment in retaliation for his "involvement in fighting Human Resources for wrongfully terminating minority employees." (Compl. at 4). To reiterate, Burgess's allegations in his administrative proceedings contained nothing beyond the proposition that he was discriminated because of his race. Where the factual allegations in the administrative charges fail to raise an inference of retaliation, courts in this District and in this Circuit have consistently held that claims of retaliation are not reasonably related to claims of discrimination. *See O'Hara v. Memorial Sloan Kettering Cancer Center,* No. 99 Civ. 2658, 2000 WL 1459798, at *5 (S.D.N.Y. Sept. 29, 2000) (dismissing claim

of retaliation where, "[p]laintiff's administrative charge does not mention retaliation and alleges no facts from which one could infer that Plaintiff was asserting a retaliation claim."); *Chinn v. City Univ. of New York School of Law at Queens College,* 963 F.Supp. 218, 223 (E.D.N.Y.1997) (plaintiff's claim of retaliatory involuntary reassignment not reasonably related to administrative charges of racial discrimination). Therefore, Burgess's claim of unlawful retaliation for his alleged activism on behalf of other employees of the Exchange is also dismissed.

### ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Court's Order dated December 19, 2001 dismissing the complaint herein is amended to incorporate the discussion set forth in the Decision and Order above; and it is further

**ORDERED** that the Exchange's motion to dismiss the complaint in its entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted; and it is finally

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**